# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:17CR00020-001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TIMOTHY BOWMAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Timothy Bowman, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Bowman is challenging the validity of his confinement pursuant to a judgment of this court. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed.[1]

## I.

In July of 2017, a grand jury of this court issued an Indictment charging Bowman and others with conspiracy to manufacture, distribute, and possess with the intent to distribute 500 grams or more of methamphetamine, and with using a

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

communication facility, in violation of 21 U.S.C. §§ 841(b)(1)(A), 843(d), 846 (Count One). The Indictment also charged Bowman with violating 18 U.S.C. § 924(c) — using and carrying a firearm in relation to, and possession in furtherance of, the conspiracy (Count Five). Bowman pleaded guilty, pursuant to a written Plea Agreement, to both counts. In exchange for the guilty plea, the government agreed not to seek enhancement of Bowman's sentence under 21 U.S.C. § 851, based on a prior drug conviction, and to stipulate that the appropriate sentencing guideline range for Bowman's drug offense was 32, holding him accountable for at least 150 grams of "Ice." Plea Agreement 4, ECF No. 297. Bowman also received an offense level reduction for acceptance of responsibility. I sentenced Bowman to a total of 300 months in prison. Bowman did not appeal.

Bowman signed and dated his § 2255 motion on October 17, 2019. He alleges these claims: (1) ineffective assistance of counsel; (2) abuse of discretion in accepting the guilty plea; (3) *Brady* violations; and (4) failure to establish jurisdiction. The court filed the § 2255 motion conditionally, notified Bowman that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. He has filed a supplemental brief in response, asserting that his claims are timely in light of two recent Supreme Court decisions.

II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the § 2255 motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

I entered the Bowman judgment on April 24, 2018. Because he did not appeal the judgment, his conviction became final on May 8, 2018, when his opportunity to

appeal expired. *See* Fed. R. App. P. 4(b)(1)(A). He then had one year — until May 8, 2019 — in which to file a timely § 2255 motion. He filed his § 2255 motion, at the earliest, on October 17, 2019.[2] Therefore, his motion is untimely under § 2255(f)(1).

Bowman asserts that his § 2255 motion is timely filed under § 2255(f)(3), because he filed it within one year of two Supreme Court decisions: *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Davis*, 139 S. Ct. 2319 (2019). To trigger calculation of his federal filing period under § 2255(f)(3), a defendant must show that the right he asserts in the § 2255 motion "was initially recognized by the Supreme Court" in a recent decision. Bowman has not, and could not, assert the right recognized in either of these cases.

In *Rehaif*, decided on June 21, 2019, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at 2195. Bowman was not convicted or sentenced under either of the statutes at issue in *Rehaif*.

---

[2] A prisoner's § 2255 motion is considered filed on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443 (4th Cir. 2003) (unpublished). For purposes of this Opinion, I will assume that Bowman delivered his § 2255 motion to prison officials for mailing on the day that he dated and signed the motion.

The *Davis* case, decided on June 24, 2019, addressed an issue related to a statute under which Bowman was convicted — 18 U.S.C. § 924(c). This section prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1). A "drug trafficking crime" is "any felony punishable under the Controlled Substances Act, (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is defined as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis,* the Court held that § 924(c)(3)(B)'s so-called residual clause is unconstitutionally vague. 139 S. Ct. at 2319. *Davis* provides Bowman no ground for § 2255 relief, because the offense underlying his § 924(c) conviction is conspiracy to manufacture, distribute, and possession with intent to distribute methamphetamine, a drug trafficking crime under the Controlled Substances Act, and *not* a crime of violence. Therefore, Bowman's § 924(c) conviction does not implicate *Davis* and remains valid. *See, e.g., Houser v. United States*, Nos. 3:19-cv-506-MOC, 3:18-cr-122-MOC-DSC-1, 2019 WL 5295570, at *2 (W.D.N.C. Oct. 18, 2019).

Because Bowman's claims for relief under § 2255 cannot rely on the issues recognized in *Davis* or *Rehaif,* he fails to show that any of his claims are timely filed under § 2255(f)(3). Bowman also states no facts triggering calculation of his time limit under § 2255(f)(2) or § 2255(f)(4). Similarly, he fails to show any basis for equitable tolling of the federal filing deadline. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing).

In conclusion, Bowman failed to file his § 2255 motion within one year of the date on which his conviction became final and shows no other basis for finding his motion to be timely filed under § 2255(f). Accordingly, I will summarily dismiss his § 2255 motion as untimely filed.

A separate Final Order will be entered herewith.

DATED: February 18, 2020

/s/ JAMES P. JONES
United States District Judge